UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

REVEREND STEPHEN JARRARD,
and OLLIE MORRIS, Plaintiffs,

vs.

SHERIFF JOHNNY MOATS, *et al*.,
Defendants.

CIVIL ACTION FILE NO.

4:20-cv-00002-MLB

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

COME NOW POLK COUNTY SHERIFF JOHNNY MOATS, CHIEF DEPUTY AL SHARP, and DEPUTY DUSTIN STROUP, Defendants in the above-styled action, and file this their Answer to Plaintiffs' Amended Complaint (referenced herein as the "Complaint"). Doc. 16.

## FIRST DEFENSE

Plaintiffs' Complaint, and each and every paragraph set forth therein, fails to state or set forth claims against these Defendants upon which relief may be granted.

## SECOND DEFENSE

For their second defense, Defendants answer and respond to the numbered sections and paragraphs of the Complaint as follows:

1

## RESPONSE TO PREAMBLE

Defendants respond to the Complaint's preamble noting that it appears to be solely a summary rather than a specific set of allegations compliant with Fed.RR.Civ.P. 8 (d)(1) (requiring "each allegation [to] be simple, concise, and direct") and 10(b) (requiring a party to "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

To the extent that a response is required, Defendants respond by denying any material allegations set forth against them and denying any commentary in the preamble in the form and manner alleged. Additionally, the Court's order of March 31, 2021governs the permissible claims in this action.

## PARTIES

1. Defendants admit that in the distant past Plaintiff Stephen Jarrard performed full immersion baptisms, apparently on one occasion, at the Polk County Jail; and Ollie Morris was formerly incarcerated in the Polk County Jail (the "Jail"). Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore deny such allegations and put Plaintiff on proof of same.

2. Defendants admit Plaintiff Ollie Morris was an inmate at the Polk County Jail who expressed a desire for full immersion baptism in the jail while he

was an inmate, and that request was denied. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

3. Defendants admit the allegations set forth in this paragraph.

4. Defendants admit that Defendants Sharp and Stroup were involved in enforcing a 2018 Sheriff's Office policy, under which Plaintiff Morris's request for full immersion baptism at the Jail was denied. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

<u>JUSISDICTION AND VENUE</u>

5. Defendants do not contest the Court's subject matter jurisdiction, but submit that the Court dismissed any claim(s) under RLUIPA, which is not a basis for federal jurisdiction. Defendants do not contest personal jurisdiction.

6. Defendants do not contest venue in the Rome Division.

<u>ANSWER TO "FACTUAL ALLEGATIONS"</u>

7. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

8. Defendants admit that Mr. Jarrard has in the past been involved in some level of jail and/or prison ministry, though the extent is unknown to these Defendants. Defendants lack sufficient information to admit or deny the

remaining allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

9. Defendants admit the allegations set forth in this paragraph.

10. Defendants admit that in the distant past Plaintiff Stephen Jarrard performed full immersion baptisms, on one occasion, at the Polk County Jail.

11. Defendants admit that in the distant past Plaintiff Stephen Jarrard performed full immersion baptisms, on one occasion, at the Polk County Jail. This was not pursuant to any discussion or agreement with Defendant Sharp. The remaining details in this paragraph are not subject to any Defendant's specific recall or information at this time, and so are denied for lack of sufficient current information and belief.

12. On information and belief, the one occasion where Mr. Jarrard performed inmate baptisms at the Polk County Jail involved his use of a horse trough filled with water at the jail facility. Defendants lack sufficient information, personal knowledge or belief regarding the remaining allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

13. On information and belief, the one occasion where Mr. Jarrard performed inmate baptisms at the Polk County Jail was inside the jail facility in the

presence of one or more detention officers, though not any of these Defendants. Defendants lack sufficient information, personal knowledge or belief regarding the remaining allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

14. Defendants admit that at some point in the distant past Mr. Jarrard's conflicts with other ministers caused his ministry privilege at the Polk County Jail to be revoked. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

15. Defendants deny that any of them, or anyone on their behalf, told Mr. Jarrard that "he could no longer come into the facility as too many inmates had requested baptism." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

16. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

17. Defendants admit that in the past Defendant Sharp may have told one or more inmates that baptism is not required for salvation, and/or that full

immersion baptism would not be permitted at the Jail. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

18. Defendants admit that two letters from Mr. Jarrard appear in Exhibit A to the Complaint. Those letters appear self-explanatory and do not fully support the allegations in this paragraph, particularly as to the 2018 letter. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

19. Defendants admit that the referenced former policy provision 7.07.17 is accurately quoted. Defendants deny the remaining allegations in this paragraph.

20. Defendants admit that Sheriff Moats stated by letter dated May 2, 2019, to Mr. Jarrard's lawyer, that "baptism can wait until after release since it is not a requirement for salvation." The letter also provided Biblical support for that statement. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

21. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

22. Defendants submit that this paragraph amounts to legal contentions that require no response, and those legal contentions have little or no relevance to the specific issues involved in the present case. Subject to the foregoing, Defendants deny the allegations in this paragraph in the form and manner alleged.

23. Under the Court's March 30, 2021 order, it appears this paragraph is irrelevant to any remaining claim in the case. Subject to the foregoing, Defendants admit that this lawsuit was filed on January 2, 2020, and that on March 12, 2020, new policy 5.23 was enacted by the Polk County Sheriff's Office. That policy replaced a prior policy, which prior policy did not impose a "blanket ban on baptisms (and marriages)." See Doc. 16-1 (prior policy). The March 12, 2020 policy speaks for itself; it does not specifically permit or ban any religious ceremony at the Jail, including baptism or marriage, but rather provides for inmate requests for a given religious ceremony and administrative review of such requests.

24. Under the Court's March 30, 2021 order, it appears this paragraph is irrelevant to any remaining claim in the case. Subject to the foregoing, Defendants admit that provision II(C)(4) of the March 12, 2020 policy is accurately quoted in the Complaint, and that provision provides criteria for

approval of religious ceremonial requests. Defendants deny any remaining allegations in this paragraph in the form and manner alleged.

25. Under the Court's March 30, 2021 order, it appears this paragraph is irrelevant to any remaining claim in the case. In an abundance of caution, Defendants submit that the policy speaks for itself, and the policy allows inmate religious services performed by clergy admitted to the Jail for that purpose. Defendants deny any remaining allegations in this paragraph in the form and manner alleged.

26. Defendants state that the referenced policy provision outlines the process for outside religious personnel to apply for permission to access the Jail to engage in religious services with inmates (which is different from one-on-one inmate visitation): "Clergymen and religious advisors wishing to hold services or conduct programs in the jail must make written application to the Polk County Sheriff's Office with supporting documentation, attend a training session and then be approved by the Jail Administrator." Defendants deny any remaining allegations in this paragraph in the form and manner alleged.

27. Defendants admit that the specific text of the March 12, 2020 policy does not state standards for approving or denying a volunteer applicant.

Defendants deny any allegation that no such standards exist.

28. Defendants admit the allegations in the first sentence of this paragraph, and admit that the referenced policy provisions do not state "whether baptisms may be conducted by …. clergy [conducting one-on-one visitation with an individual inmate] who are not providing religious services to groups of inmates." Defendants deny any remaining allegations in this paragraph in the form and manner alleged.

29. Defendants deny the allegations set forth in this paragraph.

30. Defendants deny the allegations set forth in this paragraph in the form and manner alleged.

31. Defendants admit that at some point in the past, Jail officials required a new training course for religious volunteers, which was not previously required. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

32. Under the Court's March 30, 2021 order, it appears this paragraph is irrelevant to any remaining claim in the case. Subject to the foregoing, Defendants admit that Mr. Jarrard applied for admission to volunteer jail ministry in January 2017, and that application was denied. Mr. Jarrard re-applied for admission to volunteer jail ministry in 2020, and that application

was denied. Defendants lack current specific recollection or belief about Mr. Jarrard's wife and any application she may have submitted, and therefore Defendants deny such allegations in an abundance of caution and put Plaintiffs on strict proof of same. Defendants deny the remaining allegations in the form and manner alleged.

33. Defendants admit that other volunteer ministry personnel, some indicating they professed Christianity, were admitted to volunteer ministry at the Jail before the Covid-19 pandemic caused cessation of such ministry due to concerns about infectious disease. Defendants lack specific information or belief about the content of any baptism doctrine espoused by any of the referenced volunteer ministry personnel.

34. Under the Court's March 30, 2021 order, it appears this paragraph is irrelevant to any remaining claim in the case. Subject to the foregoing, Defendants deny that the February 2016 policy was "in place" when Plaintiffs filed this lawsuit. Section 7.07.17 of the February 2016 policy stated: "Religious rituals such as baptism and wedding ceremonies will not be conducted for inmates, as the Polk County Jail is a short term facility."

35. Defendants admit the allegations in this paragraph, though Defendants are not necessarily aware of the frequency of referenced "protests" or the

content of any associated literature.

36. Defendants admit that after the lawsuit was filed, Plaintiff Jarrard applied under the March 2020 policy to be a volunteer religious minister at the Jail, and the written application, with various subparts, is filed as Exhibit F to the amended Complaint. That application speaks for itself, and Defendants do not dispute that the application technically provided content for all required elements, including those enumerated in this paragraph of the Complaint. Defendants deny any remaining allegations in this paragraph in the form and manner alleged, and specifically deny that the application fully disclosed Plaintiff Jarrard's highly relevant history of conflicts within local jails.

37. Defendants admit the allegations in this paragraph.

38. Defendants admit that Plaintiff Jarrard's 2020 application was denied, and the denial letter stated that denial was based "primarily upon Reverend Jarrard's history at the Polk County Jail and other regional jails, including the Floyd County Jail, the Cobb County Jail and the Paulding County Jail. Specifically, Reverend Jarrard has a history of being involved in contentious behavior and conflict. It appears that Reverend Jarrard did not fully disclose that history in his application." Doc. 16-7.

39. Defendants do not dispute that the application technically filled out all

required portions, including those enumerated in paragraph 36 of the Complaint. Defendants deny that the application fully disclosed Plaintiff Jarrard's highly relevant history of conflicts within local jails. Defendants deny all remaining allegations in this paragraph.

40. Defendants lack sufficient information to admit or deny the allegations in this paragraph, which are lacking in specificity, and therefore deny such allegations and put Plaintiffs on proof of same.

41. Defendants admit that the denial letter identified the Floyd County Jail, the Cobb County Jail and the Paulding County Jail, which were identified in Mr. Jarrard's application. Defendants deny that the application fully disclosed Plaintiff Jarrard's highly relevant history of conflicts within local jails. Defendants deny all remaining allegations in this paragraph.

42. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

43. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

44. Defendants lack sufficient information to admit or deny the allegations in

this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

45. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same. Defendants deny any allegations against them set forth in this paragraph.

46. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

47. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

48. Defendants state that, based on a jail record, Plaintiff Morris was arrested on September 2, 2016, and he was an inmate at the Polk County Jail until his release for that particular incarceration.

49. Defendants admit that on February 11 and 12, 2018, the following written communications are recorded on the Jail's inmate request system:

Dustin Stroup on 02/12/2018 06:01 AM

We do not do baptisms or other religious rituals here.

12585: OLLIE MORRIS I 101 L2 on 02/11/2018 09:10 PM

i want to get baptised now i have accepted jesus as my lord and savior and i want to be subermiged with water by a preacher to show my outward confession of faith in jesus christ now by a man of God thanks.

Defendants deny all remaining allegations in the form and manner alleged.

50. Defendants admit that on February 16 and 19, 2018, the following written communications are recorded on the Jail's inmate request system:

Dustin Stroup on 02/19/2018 09:02 AM

12585: OLLIE MORRIS I 101 L2 on 02/16/2018 04:58 PM

al sharpe why was the preacher steven jarrard banned from coming to the jail?

.

Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

51. Defendants admit that on February 22, 2018, the following written communications are recorded on the Jail's inmate request system:

InquiryText

12585: OLLIE MORRIS I 101 L2 on 02/22/2018 02:43 PM

okay

InquiryText

Dustin Stroup on 02/22/2018 02:33 PM

You have no right to be baptized. Per Chief Sharp and Sheriff Moats, inmates at the Polk County Jail will not participate in "religious rituals"

12585: OLLIE MORRIS I 101 L2 on 02/22/2018 11:03 AM

well then i want to appeal to you to allow me to be baptized now while i'm here at the jail. i'm trying to exercise my 1st amindment right to practice my freedom of religion rights

Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

52. Defendants admit the allegations in this paragraph, per the communication detailed in paragraph 51 above.

53. The allegations in this paragraph are not subject to any Defendant's specific recall or information at this time, and so are denied for lack of sufficient current information and belief.

54. Defendants admit the allegations in this paragraph.

55. Defendants admit that Sheriff Moats responded to the *ante litem* notice in a letter dated May 2, 2019, which is Exhibit D to the Complaint and speaks for itself. In relevant part, the response letter states:

Christ, not by works of any kind, including baptism (Ephesians 2:8-9). Our stance is since the Polk County Jail is a short term detention center, baptism can wait until after release since it is not a requirement for salvation.

Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore deny such allegations and put Plaintiffs on proof of same.

56. Defendants deny the allegations in this paragraph.

57. Defendants deny the allegations in this paragraph in the form and manner alleged, while acknowledging that Defendants Sharp and Stroup attempted to inform themselves regarding inmate religious requests through legitimate resources available to them, which might include consultation with a friend(s) or review of material available on the Internet.

58. Defendants deny the allegations in this paragraph in the form and manner alleged.

59. Defendants deny the allegations in this paragraph in the form and manner alleged.

## RESPONSE TO "CLAIMS FOR RELIEF"

### Answer to "Claim One"

60. Under the Court's March 30, 2021 order, the claim to which this paragraph related is dismissed and no response is required. Subject to the foregoing, Defendants incorporate by reference their responses to the allegations in paragraphs 1 through 59 of the Complaint.

61. Under the Court's March 30, 2021 order, the claim to which this paragraph related is dismissed and no response is required. Subject to the foregoing, and in an abundance of caution, Defendants deny the allegations in this paragraph.

62. Under the Court's March 30, 2021 order, the claim to which this paragraph related is dismissed and no response is required. Subject to the foregoing, and in an abundance of caution, Defendants deny the allegations in this paragraph.

63. Under the Court's March 30, 2021 order, the claim to which this paragraph related is dismissed and no response is required. Subject to the foregoing, and in an abundance of caution, Defendants deny the allegations in this paragraph.

64. Under the Court's March 30, 2021 order, the claim to which this paragraph related is dismissed and no response is required. Subject to the foregoing, and in an abundance of caution, Defendants deny the allegations in this paragraph.

65. Under the Court's March 30, 2021 order, the claim to which this paragraph related is dismissed and no response is required. Subject to the foregoing, and in an abundance of caution, Defendants deny the allegations in this paragraph.

66. Under the Court's March 30, 2021 order, the claim to which this paragraph related is dismissed and no response is required. Subject to the foregoing, and in an abundance of caution, Defendants deny the allegations in this

paragraph.

**Answer to "Claim Two"**

67. Defendants incorporate by reference their responses to the allegations in paragraphs 1 through 66 of the Complaint.

68. Defendants deny the allegations in this paragraph.

69. Defendants deny the allegations in this paragraph.

70. Under the Court's March 30, 2021 order, the claim to which this paragraph related is dismissed and no response is required. Subject to the foregoing, and in an abundance of caution, Defendants deny the allegations in this paragraph.

71. Under the Court's March 30, 2021 order, Plaintiff Jarrard's claim to which this paragraph relates is dismissed and no response is required. Subject to the foregoing, and in an abundance of caution, Defendants deny all allegations in this paragraph.

72. Defendants deny the allegations in this paragraph.

73. Under the Court's March 30, 2021 order, Plaintiff Jarrard's claim to which this paragraph relates is dismissed and no response is required. Subject to the foregoing, and in an abundance of caution, Defendants deny all allegations in this paragraph.

## Answer to "Claim Three"

74. Defendants incorporate by reference their responses to the allegations in paragraphs 1 through 73 of the Complaint.

75. Defendants deny the allegations in this paragraph.

76. Defendants deny the allegations in this paragraph.

77. Defendants deny the allegations in this paragraph.

78. Defendants admit that in the distant past, Plaintiff Jarrard was admitted to ministry at the Jail, and on one known occasion he was permitted to perform one or more full immersion baptisms there. Defendants deny the remaining allegations in this paragraph.

79. Defendants admit that Plaintiff Jarrard submitted two applications to minister at the Jail, one in 2017 and another in 2020, and both were denied under the existing policies in force at the times of the applications. Defendants deny the remaining allegations in this paragraph.

80. Defendants lack current specific recollection or belief about Mr. Jarrard's wife—who is not a party to this action—and any application she may have submitted, and therefore Defendants deny such allegations in an abundance of caution and put Plaintiffs on strict proof of same.

81. Defendants deny the allegations in this paragraph, which in any event are not

specific enough to allow a proper response.

82. Defendants admit that persons other than Plaintiff Jarrard have been permitted volunteer ministry privileges at the Jail. Defendants lack specific information or belief about the content of any baptism doctrine espoused by any of the referenced volunteer ministry personnel. Defendants deny any remaining allegations in this paragraph in the form and manner alleged.

83. Under the Court's March 30, 2021 order, Plaintiff Jarrard's claim to which this paragraph relates is dismissed and no response is required. Subject to the foregoing, and in an abundance of caution, Defendants deny all allegations in this paragraph.

84. Defendants deny any and all other allegations set forth in the Complaint that are not expressed admitted herein.

## **THIRD DEFENSE**

Qualified immunity protects Defendants from any constitutional claims brought pursuant to 42 U.S.C. § 1983 because, at all times relevant hereto, Defendants performed objectively reasonable, discretionary acts within the course and scope of their duties as a public officers.

## **FOURTH DEFENSE**

Defendants' pertinent acts or omissions were legally authorized, justified

and privileged under controlling law.

## FIFTH DEFENSE

Defendants are protected by official immunity from any state law tort claim raised in the Complaint, of which there appear to be none.

## SIXTH DEFENSE

Defendants in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983.

## SEVENTH DEFENSE

To the extent that any First Amendment "retaliation" claim is supportable, any relevant Defendant had a legitimate basis for his action, and would have taken the same action even in the absence of the Plaintiff's allegedly protected conduct.

## EIGHTH DEFENSE

The Fourteenth Amendment's due process clause limits punitive damages, and Defendants hereby invoke Georgia law's cap on punitive damages, as well as all other limitations and requirements provided under controlling law.

## NINTH DEFENSE

Defendants acted in good faith and without malice or intent to violate any relevant legal right, and their actions were reasonable under the circumstances.

## TENTH DEFENSE

The statute of limitations bars this action in whole or in part, as detailed in Defendants' first motion to dismiss.

## ELEVENTH DEFENSE

The doctrine of laches bars claim(s) for equitable relief.

## TWELTH DEFENSE

The doctrine of unclean hands bars claim(s) for equitable relief.

## THIRTEENTH DEFENSE

Plaintiffs have adequate remedies at law, thereby barring claim(s) for equitable relief.

## FOURTEENTH DEFENSE

The equities of the case do not preponderate in favor of equitable relief for either Plaintiff, and the public interest would be disserved by the equitable relief sought in the complaint.

## FIFTEENTH DEFENSE

The doctrine of mootness bars, or is likely to bar, claim(s) for equitable relief.

## SIXTEENTH DEFENSE

The Eleventh Amendment to the United States Constitution bars any relief

against any Defendant sued in an official capacity, absent an exception or waiver proven by the Plaintiff.

## SEVENTEENTH DEFENSE

Any damages claimed by a given Plaintiff should be reduced to the extent that such Plaintiff failed to mitigate damages.

## EIGHTEENTH DEFENSE

To the extent applicable, the Prison Litigation Reform Act (PLRA) governs any relief provided to any Plaintiff in this action, and the PLRA required exhaustion of administrative remedies by any incarcerated Plaintiff.

## NINETEENTH DEFENSE

To the extent not set forth previously, Defendants raise the defenses detailed in their first motion to dismiss and supportive briefing, incorporating such defenses and doctrines here by reference.

WHEREFORE, having fully answered, Defendants pray that judgment be entered in their favor and against the Plaintiffs, that Plaintiffs take nothing, and that Defendants be awarded their costs incurred in defending this action.

**TRIAL BY JURY IS DEMANDED.**

WILLIAMS, MORRIS & WAYMIRE, LLC

/s/ *Jason Waymire*
JASON WAYMIRE
Georgia Bar No. 742602
TERRY E. WILLIAMS
Georgia Bar No. 764330
Attorney for Defendants

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
678-541-0790
678-541-0789
terry@wmwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT upon all parties by electronic delivery through the CM/ECF system.

This 13 day of April, 2021.

WILLIAMS, MORRIS & WAYMIRE, LLC

/s/ Jason Waymire
JASON WAYMIRE
Georgia Bar No. 742602
Attorney for Defendants

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
678-541-0790
678-541-0789