UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| STEPHEN JARRARD, <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF JOHNNY MOATS, and AL SHARP, <br><br> Defendants. | Civil Action File <br> No.: 4:20-cv-2-MLB |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
OBJECTION TO TRIAL VENUE**

Defendants filed an objection to the trial of this case in Atlanta, rather than Rome. Plaintiffs do not object to the trial of this action in Atlanta. Plaintiffs further note, in the event of any doubt, that this Court has the authority and discretion to preside over the trial of this case in Atlanta.

Venue anywhere in the Northern District of Georgia is permissible pursuant to statute and this Court's Local Rule. *See* 28 U.S.C. § 1391(b) (venue is governed by "district" rather than "division); N.D. Ga. L.R. 3.1(B)(4) ("Transfer of Venue. Any civil action may, by order of this Court, be transferred to any other place or division within the district for trial."). The Eleventh Circuit has considered a similar local rule and held that a Court does not abuse its discretion in following such a rule to transfer a case for

trial. *See Sands v. Kawasaki Motors Corp. U.S.A.*, 513 F. App'x 847, 856 n.5 (11th Cir. 2013) ("Kawasaki also contends that the district court abused its discretion when it decided that the case should be tried in the Savannah courthouse instead of the one in Statesboro. We disagree."); *cf. Munoz v. Askew*, 3:22-cv-175-DHB-BKE, Doc. 88 (S.D. Ga. Feb. 13, 2025) (setting trial in Augusta, rather than Dublin, over Defendant's objection, after consideration of logistical impediments, the anticipated travel of counsel and the Court's staff, the Court's "considerable discretion," and plaintiffs' choice of forum in Augusta for trial).

Defendants asserted that an Atlanta trial "would be a highly inconvenient forum," Doc. 116 at 1, but it is not clear that a Rome venue would be more convenient. In addition to the location of Georgia-based counsel (and presumably the Court and its staff) being closer to the Atlanta courthouse, an Atlanta venue would better facilitate the participation of the Notre Dame counsel and students.

Defendant's objection can be overruled.

Respectfully submitted, this 7th day of April, 2025.

*/s/Gerald Weber*
Gerald Weber
Georgia Bar No. 744878

LAW OFFICES OF GERRY WEBER, LLC

Post Office Box 5391
Atlanta, GA 31107
404-522-0507
wgerryweber@gmail.com

                                       _/s/Zack Greenamyre_
                                       Zack Greenamyre
                                       Georgia Bar No. 293002

MITCHELL SHAPIRO GREENAMYRE & FUNT, LLP
881 Piedmont Avenue
Atlanta, Georgia 30309
Phone: 404-812-4747
Fax: 404-812-4740
zack@mitchellshapiro.com

                                       John A. Meiser
                                       Meredith Holland Kessler
                                       *Admitted pro hac vice*

NOTRE DAME LAW SCHOOL
RELIGIOUS LIBERTY CLINIC
1338 Biolchini Hall
Notre Dame, IN 46556
(574) 631-3880

## **CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE**

I hereby certify that in accordance with LR 5.1A, I have this date electronically filed the within and foregoing in the above-styled civil action with the Clerk of Court by using the Court's CM/ECF system, which will automatically send notice of same to attorneys of record.

Pursuant to LR 7.1(D), I further certify that the within and foregoing has been prepared in accordance with Local Rule 5.1(B) and is in a 13-point Century Schoolbook font.

This 7th day of April, 2025.

>*/s/Zack Greenamyre*
>Zack Greenamyre
>Georgia Bar No. 293002